### UNITED STATES v. WALKER RIVER IRR. DIST. et al.

### No. C–125.

District Court, D. Nevada.
March 21, 1936.

H. H. Atkinson, U. S. Atty., as successor to George Springmeyer, former U. S. Atty., both of Reno, Nev., and Ethelbert Ward and Cole L. Harwood, Sp. Assts. to Atty. Gen., for the United States.

William M. Kearney, of Reno, Nev., for a large number of defendants, including Walker River Irr. Dist.

George L. Sanford, of Carson City, Nev., for a number of other defendants.

Green & Lunsford, of Reno, Nev., for a number of defendants, including Antelope Valley Mut. Water Co., the successor to Antelope Valley Land & Cattle Co., and Minnie M. Powell.

Thatcher & Woodburn and William Forman, all of Reno, Nev., for Sierra Pacific Power Co. and Bank of Nevada Savings & Trust Co.

W. H. Metson and E. B. Mering, both of San Francisco, Cal., for certain defendants.

W. W. Watson, of San Francisco, Cal., for Bertrand Salles.

ST. SURE, District Judge.

The government objects to the holding of this court (11 F.Supp. 158) and the proposed finding that, in setting aside the Walker River Indian Reservation, no express reservation of water for purposes of irrigation was made in the executive order of 1859. The government contends (citing Winters v. United States, 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340; McFadden v. Mountain View Min. & Mill. Co. (C. C.A.) 97 F. 670; Gibson v. Anderson (C. C.A.) 131 F. 39; Opinions of Attorney General, Vol. 34, page 171) that there was an implied reservation of water.

Even if a reservation of water may be implied in the executive order, however the Indian rights may be defined or labeled in this instance, this court is of the opinion that the facts and circumstances have placed the white settlers in an inexpugnable position. Briefly, the facts, as disclosed by the evidence and narrated in this court's opinion in 11 F.Supp. 158, show that, after the establishment of the reservation in 1859 (then and thereafter the Indians being at war with the whites), commencing in 1860 the whites acquired title from the United States to lands above the Indian Reservation, bordering on and adjacent to the Walker river and its tributaries; that they also acquired water by

prior appropriation for a beneficial use, and actually irrigated and reclaimed such lands; that they have enjoyed undisputed and undisturbed possession of such lands and such water rights for more than 50 years; that to dispossess them now would bring ruin to long-established settlers, and return to waste the lands which they, by their industry and with the acquiescence of the government, reclaimed from the desert.

Under such facts and circumstances this court is not moved to give a decree destroying the rights of the white pioneers.